O

**PRIORITY SEND**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6

<u>CIVIL MINUTES -- GENERAL</u>

Case No.   EDCV10-01506-VAP(DTBx)                             Date:  October 20, 2010

Title:   U.S. BANK NATIONAL ASSOCIATION -v- REFUGIO J. PEREZ, and DOES 1-10 inclusive
==============================================================
PRESENT:      HONORABLE VIRGINIA A. PHILLIPS, U.S. DISTRICT JUDGE

|  |  |
|---|---|
| Marva Dillard | None Present |
| Courtroom Deputy | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFFS: | ATTORNEYS PRESENT FOR DEFENDANTS: |
|---|---|
| None | None |

PROCEEDINGS:   MINUTE ORDER REMANDING ACTION TO CALIFORNIA SUPERIOR COURT FOR THE COUNTY OF SAN BERNARDINO (IN CHAMBERS)

     On September 23, 2010, Plaintiff U.S Bank National Association ("Plaintiff") filed a complaint for unlawful detainer ("Complaint") against Defendant Refugio J. Perez ("Defendant").  On October 4, 2010, Defendant removed the action to this Court on the basis of diversity jurisdiction, 28 U.S.C. §§ 1332.  (<u>See</u> Not. of Removal at 1-2.)

EDCV 10-01506 VAP (DTBx)
U.S BANK NATIONAL ASSOCIATION v. REFUGIO J. PEREZ
MINUTE ORDER of October 20, 2010

Removal jurisdiction is governed by statute.  See 28 U.S.C. §1441.  The Ninth Circuit applies a strong presumption against removal jurisdiction, and "the defendant always has the burden of establishing that removal is proper."  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citing Nishimoto v. Federman-Bachrach & Assocs., 903 F.2d 709, 712 n.3 (9th Cir. 1990)); see also In re Ford Motor Co./Citibank, 264 F.3d 952, 957 (9th Cir. 2001) ("The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court.").  "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c); see FW/PBS, Inc. v. Dallas, 493 U.S. 215, 231 (1990) ("federal courts are under an independent obligation to examine their own jurisdiction").

Defendant alleges removal is proper on the basis of diversity jurisdiction, 28 U.S.C. § 1332.  (See Not. of Removal at 2.)  Upon review of the Complaint and the Notice of Removal, however, the Court finds no basis for diversity jurisdiction.  Defendant does not explain how a "limited case," in which Plaintiff alleges damages are no more than $10,000, could be valued at $75,000 to meet the statutory requirements for diversity jurisdiction.  See 28 U.S.C. § 1332.  Thus, Defendant has not met his burden of establishing that the amount in controversy requirement is satisfied.

Furthermore, nothing in the Complaint suggests the Court has original subject matter jurisdiction over this action.

For the foregoing reasons, Defendant has not met his burden of establishing that the case is properly in federal court.  See Gaus, 980 F.2d at 566.  Thus, the Court REMANDS the action to the Superior Court for the County of San Bernardino.

**IT IS SO ORDERED.**